IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE RICHARDSON<br>879 Clarence Rd.<br>Cleveland, Ohio 44113<br><br>Plaintiff,<br><br>v.<br><br>BEECH BROOK<br>3737 Lander Rd.<br>Cleveland, OH 44124<br><br>**Serve also:**<br>c/o Debra Rex, Statutory Agent<br>3737 Lander Road<br>Pepper Pike, Ohio 44124<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Dale Richardson, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

**PARTIES**

1. Richardson is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.
2. Beech Brook is a domestic corporation with its principal place of business located at 3737 Lander Rd., Cleveland, OH 44124. A Limited Liability Company that is lawfully licensed to conduct business in the state of Ohio.
3. Beech Brook is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.





4. Beech Brook is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

**JURISDICTION & VENUE**

5. This court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Richardson is alleging a Federal Law Claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

6. This Court has supplemental jurisdiction over Richardson's state law claims pursuant to 28 U.S.C. § 1367 as Richardson's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because it is the district court for the district, division, and counties within the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

**FACTS**

8. Richardson is a former employee of Beech Brook.

9. Beech Brook is third-party contractor hired by public and private schools throughout Ohio for intervention specialist services and other related services.

10. Beech Brook hired Richardson on or about March 2008 as a Behavior Specialist.





11. During his employment, Richardson worked at Orange City School District as a Behavior Specialist from Beech Brook.

12. As a Behavior Specialist, Richardson was a non-exempt employee pursuant to the FLSA.

13. During his employment, Richardson was an hourly employee.

14. In order to meet with students when asked, Richardson often worked more than 40 hours in one work week by missing lunch.

15. Richardson was not paid one and one-half times his regular hourly rate when he worked more than 40 hours in one week.

16. Richardson gave multiple notices that he was owed overtime pay to his supervisor, Kelly Kimble.

17. When Richardson gave notice, his supervisor Kimble reprimanded him for working extra hours and informed him extra hours must be pre-approved.

18. Richardson was never compensated for his extra hours after he was reprimanded.

19. In order to meet client needs, Richardson continued to meet during lunch hours with students.

20. Beech Brook expected Richardson to meet client needs.

21. Beech Brook expected Richardson to complete any necessary work regardless of how long he had to work each day.

22. The teachers of the students wrote positive reviews of Richardson explaining to Beech Brook how he would spend his lunch working with students.

23. Beech Brook was aware Richardson was having to miss lunch to help students.

24. Beech Brook was aware that by working through lunch, Richardson was forced to work over 40 hours in one work week.





25. Beech Brook never told Richardson not to work through his lunches in order to complete his work and/or meet with students.

26. Beech Brook enjoys the fruits of Richardson working through his lunches without compensating him for it.

27. Throughout his employment, Richardson continually sought payment for his overtime wages.

28. Richardson was terminated from Beech Brook on January 18, 2016.

29. Beech Brook purportedly terminated Richardson for working over 40 hours in one work week.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

30. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

31. At all times hereinafter mentioned, Beech Brook constituted a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act ("FLSA").

32. During all times material to this complaint, Richardson was not exempt from receiving overtime compensation.

33. During all times material to this Complaint, Beech Brook violated the FLSA with respect to Richardson by, *inter alia*, failing to compensate him at time-and-one-half his regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

34. During all times material to this complaint, Beech Brook knew that Richardson was not exempt from the overtime obligations imposed by the FLSA.

35. Beech Brook knew that it was required to pay Richardson overtime compensation at a rate of one and one-half her respective regular rates for hours worked in excess of forty (40) hours per workweek.





36. Despite such knowledge, Beech Brook willfully withheld and failed to pay overtime compensation to which Richardson was entitled.

37. In violating the FLSA, Beech Brook acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

38. As a direct and proximate cause of Beech Brook's conduct, pursuant to 29 U.S.C. § 216(b), Beech Brook is liable to Richardson for the full amount of the required overtime wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

**COUNT II: VIOLATION OF THE OHIO WAGE ACT**

39. Richardson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

40. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. *See* O.R.C. §§ 4111.01, *et seq*.

41. During all times material to this Complaint, Beech Brook was a covered employer required to comply with the Ohio Wage Act's mandates.

42. During all times material to this Complaint, Richardson was a covered employee entitled to individual protection of Ohio Wage Act.

43. Beech Brook violated the Ohio Wage Act with respect to Richardson by, *inter alia*, failing to pay Richardson overtime compensation for any hours worked over 40 in a week.

44. In violating the Ohio Wage Act, Beech Brook acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.





45. As a direct and proximate cause of Beech Brook's conduct, pursuant to R.C. 4111.10, Beech Brook is liable to Richardson for the full amount of the required overtime wage rate, as well as costs and reasonable attorney fees.

## DEMAND FOR RELIEF

WHEREFORE, Richardson demands from Beech Brook and respectfully requests that this Honorable Court grant the following relief:

(a) For an award against Beech Brook of unpaid wages to Richardson, to be determined at trial together with any liquidated damages allowed by FLSA;

(b) An award against Defendant of compensatory and monetary damages to compensate Richardson for unpaid overtime compensation, unpaid wages, and other consequential and/or liquidated damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of reasonable attorney's fees and non-taxable costs for Richardson's claims as allowable under law;

(d) An award of the taxable costs of this action;

(e) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Chris P. Wido______
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorneys for Dale Richardson*





JURY DEMAND

Richardson demands a trial by jury by the maximum number of jurors permitted.

/s/ Chris P. Wido______
Chris P. Wido (0090441)
SPITZ LAW FIRM





IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE RICHARDSON<br>879 Clarence Rd.<br>Cleveland, Ohio 44113<br>Richardson,<br>v.<br><br>BEECH BROOK<br>3737 Lander Rd.<br>Cleveland, OH 44124<br><br>**Serve also:**<br>c/o Debra Rex, Statutory Agent<br>3737 Lander Road<br>Pepper Pike, Ohio 44124<br><br>-and-<br><br>MARIO TONTI<br>3737 Lander Road<br>Cleveland, Ohio 44124<br><br>Beech Brook. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>RICHARDSON'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Richardson Dale Richardson requests that Beech Brook produce the following requested documents within 30 days of the Parties' first 26(f) conference.

**INSTRUCTIONS AND DEFINITIONS**

A. "Participated" means to either directly or indirectly take part in an action or give any input into a decision.

B. The term "document" or "Documents" means the original and a photostatic copy thereof, or other reproduction thereof, of any writing or records of any type or description, whether official





or unofficial, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, inter-or intra-office communication, handwritten or other note, working paper, publication, permit, ledger and/or journal, whether general or special, chart, paper, graph, survey, index, computer tape or disk, and any recorded, transcribed, or graphic matter, including audio or video tapes, and all other electronically, magnetically, optically and mechanically stored information, including but not limited to CD-ROMS and microfilm or microfiche, however produced or reproduced, to which Defendant had access or now has access.

C. "Present" means the date of service of the responses to these discovery requests.

D. "Personnel file" includes, but is not necessarily limited to: Documents used to determine a person's qualifications for employment, promotions, transfers, raises, compensation, bonuses, pension eligibility and disciplinary action, job performance evaluations, terminations, discharges, layoffs, the employment application, Documents from hiring interviews, communications offering a job, employment agency Documents, applications for life and health insurance, Documents related to payroll, tax records (including all W-2 forms), Documents from any reference checks or background investigations conducted prior to hiring, pension plan/retirement benefits Documents, Documents concerning fringe benefits, Documents concerning any complaints written by or about the person (written by any person), exit interviews, written inquiries about the person made by any other person (including but not limited to prospective employers), Documents to or from the Ohio Bureau of Employment Services, job descriptions and Documents concerning any change in job duties or job descriptions.







E. For each interrogatory or part thereof which Defendant refuses to answer on grounds of burdensomeness, state:

   1. the number of files and/or Documents needed to be searched;
   2. the location of such files;
   3. the number of employee-hours required to conduct the search and the basis for calculating the number of employee-hours; and
   4. the estimated cost of the search in employee-hours and dollars.

F. Whenever information is sought concerning employees, such information should include both active employees, employees on reserve status, and employees on part-time status. In addition, such information should include all employees who worked for Defendant at any time during the specified period.

G. Wherever Defendant claims privilege, include a statement identifying each said document, and the basis asserted for the claim of privilege.

H. If any document described in this request was, but no longer is, in Defendant's possession, or subject to Defendant's custody or control, or in existence, state whether:

   1. it is missing or lost;
   2. it has been destroyed;
   3. it has been transferred, voluntarily or involuntarily, to others; or
   4. it has been disposed of otherwise.
   5. In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, his or her address, type (e.g., letter, memorandum, telegrams, chart, photograph, etc.), date, subject matter, present





location(s) and custodian(s), and state whether the document (or copies) are still in existence.

I. "Identify," when used in reference to a document, means to state: (1) its date; (2) its author; (3) the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegram, chart, photograph, reproduction, note, etc.); and (4) its present location and the name of its present custodian or each custodian if there is more than one copy thereof. If any such document was but is no longer in the possession of Defendant or subject to their control, or it is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transmitted or transferred voluntarily or involuntarily to others, identifying such others; or (4) otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof. If any of the above is not available to Defendant, state any available means of identifying such Documents.

J. "Identify," when used herein in reference to a natural person, means to state: (1) his or her full name and present or last known residence address; (2) his or her present or last known business affiliation and position therewith, and (3) his or her last known residential telephone number. If any of the above information is not available to Defendant, state any other means of identifying such natural person.

K. "Identify," when used in reference to a "person" (as defined above) other than a natural person, means to state: (1) its full name; (2) the nature of its organization, including the name of the state under which it was organized; (3) its address(es); (4) the address of its principal place of business; and (5) its principal line of business. If any of the above information is not available to Defendant, state any other available means of identifying such person.





L. It is requested that all Documents be segregated as to the numbered requests they correspond to.

**INTERROGATORY NO. 1.**

State the last known address and telephone number of Defendant Mario Tonti

**ANSWER**

**INTERROGATORY NO. 2.**

Identify Richardson's supervisor(s) and manager(s)

**ANSWER**

**INTERROGATORY NO. 3.**

Identify person(s) presently known to the Defendant who were involved in making the decision to terminate Richardson.

**ANSWER**

**INTERROGATORY NO. 4.**

Identify persons the Defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

**ANSWER**





**INTERROGATORY NO. 5.**

To the extent any Defendant contends Richardson was employed by another entity during the timeframe relevant to the Complaint, Identify the entity Richardson was employed by.

**ANSWER**

**INTERROGATORY NO. 6.**

To the extent that Defendant has failed to fully admit to every averment contained in the attached Complaint, state the facts, including, but not limited to, identifying all witnesses on which Beech Brook rely to form the basis of that answer.

**ANSWER**

**INTERROGATORY NO. 7.**

Identify the person with the most knowledge of Richardson's hours

**ANSWER**

**PRODUCTION REQUEST NO. 1.**

Produce any and all communications concerning the factual allegations or claims at issue in this lawsuit among or between:

i. The Richardson and the Defendant;

ii. The Richardson's manager(s), and/or supervisor(s), and/or the Defendant's human resources representative(s).

**ANSWER**





**PRODUCTION REQUEST NO. 2.**

Produce any and all responses to all claims, lawsuits, administrative charges, and complaints by the Richardson that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

**ANSWER**

**PRODUCTION REQUEST NO. 3.**

Produce any and all Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

**ANSWER**

**PRODUCTION REQUEST NO. 4.**

Produce the Richardson's personnel file, in any form, maintained by the Defendant, including files concerning the Richardson maintained by the Richardson's supervisor(s), manager(s), or the Defendant's human resources representative(s), irrespective of the relevant time period.

**ANSWER**

**PRODUCTION REQUEST NO. 5.**

Produce any and all Documents relied upon to make the employment decision(s) at issue in this lawsuit.

**ANSWER**





**PRODUCTION REQUEST NO. 6.**

Produce any and all workplace policies or guidelines which relate to the following:

i. Discipline;

ii. Termination of employment;

iii. Discrimination;

iv. Performance reviews or evaluations;

v. Misconduct;

vi. Retaliation; and

vii. Nature of the employment relationship between Richardson and Defendant.

**ANSWER**

**PRODUCTION REQUEST NO. 7.**

Produce the table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of Richardson's termination.

**ANSWER**

**PRODUCTION REQUEST NO. 8.**

Produce any and all job description(s) for the position(s) that the Richardson held.

**ANSWER**





**PRODUCTION REQUEST NO. 9.**

Produce any and all Documents which relate to the Richardson's compensation and benefits, to include, but not limited to include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

**ANSWER**

**PRODUCTION REQUEST NO. 10.**

Produce any Agreements between the Richardson and the Defendant to waive jury trial rights or to arbitrate disputes.

**ANSWER**

**PRODUCTION REQUEST NO. 11.**

Produce any and all Documents concerning investigation(s) of any complaint(s) about the Richardson or made by the Richardson, if relevant to the Richardson's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

**ANSWER**

**PRODUCTION REQUEST NO. 12.**

Produce any and all Documents in the possession of the Defendant and/or the Defendant's agent(s) concerning Richardson's claim for unemployment benefits

**ANSWER**





**PRODUCTION REQUEST NO. 13.**

Produce any other document(s) upon which the Defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for Richardson's termination

**ANSWER**

**PRODUCTION REQUEST NO. 14.**

To the extent that Defendant has failed to fully admit to every averment contained in the attached Complaint, provide all documents on which Defendant relied to form the basis of that answer and/or have reviewed or possessed regarding that issue

**ANSWER**

Respectfully submitted,

/s/ Chris P. Wido_______

Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorneys for Dale Richardson*





**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Richardson's first set of Interrogatories and Request for the Production of Documents to Beech Brook is being served through the same method by which the Original Complaint is being served on Beech Brook.

/s/ Chris P. Wido______
Chris P. Wido (0090441)
THE SPITZ LAW FIRM



